IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-238-RAH-SMD |
| ) | |
| JACKSON HOSPITAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Peter J. Smith's Complaint. Compl. (Doc. 1). Previously, the undersigned granted Smith leave to proceed *in forma pauperis* and stayed service pending review of his Complaint under 28 U.S.C. § 1915(e). Order (Doc. 6) p. 1. Pursuant to that review, the undersigned found that Smith failed to invoke this Court's jurisdiction to hear his claim. Order (Doc. 7) pp. 4-7. Additionally, the undersigned found that, even if Smith could establish this Court's jurisdiction over his claim, it appeared that Smith lacked standing and that his claim was time barred. *Id.* at 7-9. Nonetheless, the undersigned afforded Smith the opportunity to amend his Complaint to set forth a sufficient basis for this Court's jurisdiction and to address the deficiencies identified by the undersigned in the order. *Id.* at 9-10. Smith was warned "**that his failure to comply with [the undersigned's order would] result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**." *Id.* at 10 (emphasis in original).

Smith did not file an amended complaint as required by the undersigned's order, and the undersigned entered a second order that once again set forth the deficiencies in Smith's Complaint and afforded him an opportunity to amend. Order (Doc. 8). Regarding the Complaint's deficiencies as to this Court's jurisdiction, the undersigned warned Smith that his failure to "amend his Complaint to clearly set forth the basis for this Court's jurisdiction" would "**result in the undersigned recommending that Smith's Complaint be dismissed for lack of jurisdiction prior to service**." *Id.* at 7 (emphasis in original). Smith was again warned "**that his failure to comply with [the undersigned's order would] result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**" and that his "**failure to file an amended complaint [would] be construed as abandonment of his claims**." *Id.* at 10 (emphasis in original).

Smith has failed to file an amended complaint and the time for doing so has passed. As such, the undersigned recommends that his Complaint be dismissed.

## I.  BACKGROUND

Smith's Complaint states that "[t]his is a wrongful death case allegeing [sic] contributory negligence in the death of my father[.]" Compl. (Doc. 1) p. 2. Smith alleges that Defendant Cedar Crest Nursing Home and Defendant Jackson Hospital, along with their physicians, committed various acts of medical malpractice that ultimately led to his father's death. *Id.* at 2-5. Smith seeks $70 million. *Id.* at 5.

## II.     COURT REVIEW UNDER 28 U.S.C. § 1915(e)

In the Eleventh Circuit, a federal district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted,"[1] or (iii) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as

---

[1] Because "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," courts in this Circuit "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

In conducting § 1915 review, a court should liberally construe the pleadings of the pro se plaintiff and hold the allegations within his complaint to less stringent standards than those drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). A reviewing court should freely give a pro se plaintiff leave to amend a deficient pleading. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010). However, a court need not give a pro se plaintiff leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

### III.     JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases they have been authorized to hear by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law, § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). *Home Depo U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Courts presume that causes of action "lie[] outside

---

[2] *Stringer*, 392 F. App'x at 760.

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

### A. Diversity Jurisdiction

Here, Smith's Complaint states that "[t]his is a wrongful death case allegeing [sic] contributory negligence in the death of my father Willie D. Smith." Compl. (Doc. 1) p. 2. Wrongful death claims do not arise under federal law. Thus, this Court's jurisdiction over a complaint for wrongful death, if any, must be based on diversity jurisdiction.

Smith seeks $70 million dollars for the alleged wrongful death of his father. *Id.* at 5. This request satisfies the amount in controversy requirement for diversity jurisdiction. However, Smith has not shown that the parties are completely diverse. *See Mid-Continent Cas. Co. v. JWN Constr., Inc.*, 823 F. App'x 923, 927 (11th Cir. 2020) (to establish jurisdiction under § 1332, the parties must be completely diverse, which requires "every plaintiff [to] be diverse from every defendant"). For a natural person, "residence alone is not enough to establish citizenship." *Roberts v. Walton Enter.*, 2021 WL 4991511, at *1 (M.D. Ala. Oct. 27, 2021). For diversity purposes, citizenship is equivalent to domicile and "domicile requires both residence in a state and an intention to remain there indefinitely." *Roberts*, 2021 WL 4991511, at *1. A plaintiff may establish domicile by providing evidence consisting of, but not limited to, affidavits, statements made under penalty of perjury (*see* 28 U.S.C. § 1746), and other documents.[4]

---

[4] E.g., a driver's license, a bank statement, a utility or other bill, a vehicle title registration, or a cell phone bill.

"To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated and the State in which the corporation has its principal place of business." *Scruggs v. City of Montgomery*, 2021 WL 4155786, at *1 (M.D. Ala. Sept. 13, 2021). "[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank v. Net Zero LLC, et al.*, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Thus, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Smith lists his address as P.O. Box 1644 Montgomery, Alabama. *Id.* at 1. However, this is insufficient to establish his citizenship for diversity purposes. Further, assuming Smith can show that he is a citizen of Alabama for diversity purposes, he has not sufficiently pleaded Defendants' citizenship nor has he indicated whether Jackson Hospital

6

is a corporation, limited liability corporation, or some other type of business entity. Instead, he merely provides Jackson Hospital's address as 1725 Pine Street Montgomery, Alabama. *Id.* This is insufficient to establish Jackson Hospital's citizenship for diversity purposes. Further, Smith provides no information related to Cedar Crest Nursing Home or Dr. Richard Stehl. *Id.* Therefore, Smith's allegations are insufficient to establish that the parties are completely diverse.[5] As such, Smith has failed to establish that this Court has diversity jurisdiction over his Complaint.[6] *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (requiring that not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be provided).

### B. Federal Question Jurisdiction

Smith's Complaint is a form complaint for a violation of civil rights. Normally, a civil rights claim would provide this Court with federal question jurisdiction. However, based on the facts Smith asserted, it does not appear that he is asserting a civil rights claim. As noted above, Smith explicitly states that "[t]his is a wrongful death case allegeing [sic] contributory negligence in the death of my father Willie D. Smith." Compl. (Doc. 1) p. 2. Because the undersigned credits Smith's statement regarding the type of claim he attempts to bring, the undersigned declines to construe the Complaint as an attempt to state a claim

---

[5] The undersigned notes that, in the section requesting the name and address of Defendants, Smith wrote: "(Please see attachment 2a.)." However, it does not appear that Smith filed an attachment 2a with his Complaint. The only additional section appearing within his Complaint is several pages purporting to be section 5a. *See* Compl. (Doc. 1) pp. 2-4.

[6] The undersigned notes that Smith has alleged that he has an Alabama address, and that Jackson Hospital has an Alabama address. These allegations arguably suggest that the parties are not completely diverse.

under federal law.[7] Importantly, Smith has been provided an opportunity to amend his complaint to clarify whether he is bringing federal claims. He has failed to do so, which further suggests that he is not intending to bring federal claims.

### C. This Court Lacks Jurisdiction Over Smith's Complaint

For the reasons explained above, this Court does not have subject matter jurisdiction over Smith's Complaint. Smith has been afforded two opportunities to amend his Complaint to properly allege jurisdiction. In the orders directing Smith to amend, the undersigned provided Smith with specific instructions on how to amend his Complaint and warned him that his failure to amend as required would result in a recommendation that his Complaint be dismissed. Smith did not file an amended complaint. Smith has the burden to affirmatively allege facts demonstrating diversity jurisdiction, which he has not done. As such, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Smith's Complaint be DISMISSED without prejudice, prior to service of process, for lack of subject matter jurisdiction. It is further

---

[7] In the relief requested section of the form complaint, Smith states that the wrongful death of his father was "a modern day lynching of a large dark complexion black man in a Jackson Hospital setting." Compl. (Doc. 1). p. 5. He also uses the words "race discrimination" and "gender discrimination" but it is unclear whether he is attempting to assert a discrimination claim or the basis of such a claim, if any. *Id.*

Notably, the estate of a deceased may assert a 42 U.S.C. § 1983 claim for violation of the deceased's civil rights. However, to the extent that Smith is attempting to assert a 42 U.S.C. § 1983 claim, he must plausibly allege (1) a deprivation of a federal right and (2) that the deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A defendant can only satisfy the second prong if "the party charged with the deprivation [was] a person who may fairly be said to be a state actor." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (quotation marks omitted). Smith does not allege that any Defendant is a state actor nor does the undersigned find any reason to conclude such. Therefore, the undersigned does not construe Smith's Complaint to assert a § 1983 claim.

ORDERED that Smith shall file any objections to this Recommendation on or before June 1, 2022. Smith must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of May, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE